| | |
|---|---|
| 1 | WILLIAM R. TAMAYO, SBN 084965 |
| 2 | JONATHAN T. PECK, SBN 12303 (VA) |
|   | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|   | San Francisco District Office |
| 3 | 350 The Embarcadero, Suite 500 |
|   | San Francisco, CA 94105-1260 |
| 4 | Telephone No. (415) 625-5646 |
|   | Fax No. (415) 625-5657 |
| 5 | |
| 6 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. C08-04527-PVT |
| Plaintiff, | |
| v. | CONSENT DECREE |
| AKEENA SOLAR, INC. | |
| Defendant. | |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under the Americans with Disabilities Act (ADA) and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices and to provide appropriate relief to Charging Party Gladys Tellez (Ms. Tellez), who was adversely affected by such practices.

In the interest of resolving this matter the Commission and Akeena Solar (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree.

This Consent Decree shall not constitute adjudication and/or a finding on the merits of the Lawsuit. This Consent Decree resolves all claims raised by the EEOC which stem from EEOC Charge No. 556-2007-00183 (Tellez v. Akeena Solar) and the EEOC Complaint in this Lawsuit, and constitutes a complete resolution of all claims of discrimination under the ADA that were made

CONSENT DECREE
C08-04527-PVT

or could have been made by the EEOC based on this charge. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charges and Complaint specifically referenced in this paragraph. However, for purposes of this Consent Decree is noted that there are no other such charges or pending charges. It is further understood that this Agreement is reached and entered into by Akeena as the result of the compromise of disputed claims and that no admission or fault or liability may be inferred thereby. Notwithstanding this proviso, the specific requirements of this Consent Decree are considered in full force and effect with its execution. This Consent Decree comprises the full and exclusive agreement of the EEOC and Defendant Akeena Solar with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

**I.    GENERAL PROVISIONS**

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

This Consent Decree is final and binding upon the Parties, their agents, successors and assigns. The Parties will each bear their own costs and attorney fees in this action.

**II.    GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION**

Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the

duration of this Decree, are enjoined from: (a) unlawfully discriminating against any employee due to his or her disability; or (b) retaliating against any employee because he or she: (i) complained about discriminatory practices made unlawful by the ADA; (ii) filed a charge of discrimination alleging any such practice, testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by defendant, proceeding or hearing in connection with this case; or was identified as a possible witness in this action.

### III. SPECIFIC INJUNCTIVE RELIEF

**A. Training.**

Within three (3) months of entry of this Consent Decree, and annually thereafter, for the duration of the Consent Decree, Akeena Solar shall provide a minimum of two (2) hours of mandatory training to its human resources personnel and other persons involved in the recruitment and hiring processes at the company's Los Gatos, CA facility. Said training shall be presented by persons with demonstrated experience in federal ADA law. The training shall include discussions of an employer's obligations under the ADA, including what constitutes disability discrimination, the definition of a qualified individual with a disability, how to prevent disability discrimination, a review of the company's policies proscribing disability discrimination, and that managers will be evaluated on enforcement of the company's anti-discrimination policies. Special attention shall be directed to the issue of reasonable accommodations under the ADA. Akeena Solar shall retain a record of the training program, including an outline of the training and any materials utilized in the training, the date the training was held and a list of persons in attendance.

**B. Notice to Employees.**

Akeena Solar shall post for the duration of this Decree, in a prominent place at its Los Gatos, CA facility, frequented by its employees, the Notice attached as Exhibit A. Posting shall be completed

CONSENT DECREE  3.
C08-04527-PVT

within 30 days of entry of this Consent Decree.

### C. Expungement of Records

Akeena Solar shall purge from all its files any reference to the discharge of Ms. Tellez, and shall not disclose any information or make any reference to her charge of discrimination that is the subject of this lawsuit, or this lawsuit, in responding to any requests for information by prospective employers. For this provision to apply, Ms. Tellez is to direct prospective employer inquiries to (HR Department: Name of official). The HR Department shall only state in response to any prospective employer that Ms. Tellez resigned on her first day of employment, giving name, rate of pay and job title.

### D. Reporting

Within thirty (30) days after completing each training session described above, Akeena Solar shall mail to counsel for the EEOC a report containing the date of the training and a list of all attendees, and a copy if the training materials.

Akeena Solar shall confirm that the Notice required by this Consent Decree was posted, the date of the posting and the location, by mailing such confirmation to EEOC counsel.

Once every six (6) months, to be measured beginning at the date of entry of the Consent Decree, and continuing for the duration of this Consent Decree, Akeena Solar shall notify counsel for the EEOC whether it has received any complaints, formal or informal, regarding discrimination under the ADA, including reasonable accommodation, what steps were taken in response thereto, and how each complaint was resolved.

### IV. MONETARY RELIEF

Defendant shall pay the total sum of $30,000.00 (the "Settlement Payment") to Ms. Tellez for the claims asserted by the EEOC in its Complaint.

a. Defendant shall report the Settlement Payment by issuance of IRS Form 1099.

b. Defendant shall pay the Settlement Payment as follows:

Within ten (10) days of all of the following the entry of this Consent Decree Defendant shall deliver such payment in the form of a business check, cashier's check, or certified check made payable to Gladys Tellez and mailed to her residence.

A photocopy of the payment shall be provided to Jonathan T. Peck at EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

## V.  RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

a.   This Consent Decree shall terminate three (3) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of non-compliance by Defendant. If the Commission determines that Defendant has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to defense counsel and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

On behalf of Plaintiff:

_____
WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____
JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: 2/1/10

On behalf of Defendant:

_____
ROBERT FRIED
ATKINSON, ANDELSON, LOYA,
RUUD & ROMO

Dated: 1/26/10

CONSENT DECREE                                                5.
C08-04527-PVT

IT IS SO ORDERED:

Dated: _____          _____
                                United States District Court Judge